[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A decree of dissolution of the parties' marriage was entered on June 12, 1997 (Steinberg, J.). The court reserved jurisdiction over all financial issues which were reserved for a future hearing. The hearing was held by this Court on January 6, 1998.
The parties were married for approximately 16 years. The plaintiff is aged 40 and has a high school education. The plaintiff has a multitude of serious health problems. She suffers from Grand Mal and Petite Mal seizures; her left side is paralyzed and she has no use of her left hand; she has scoliosis of the spine; she is being treated for Post Traumatic Stress Disorder; in April 1995 she had a motor vehicle accident which has created problems with her right hand and back. The plaintiff presently receives a social security disability award of $515 per month. She is not employable at this time and her ability to accumulate assets and income in the future are poor. She has no vocational skills. She worked as a receptionist at the time of her marriage; she worked part-time at the Easton Library until her son Nicholas was born in 1984. She has not worked outside the home since that time.
During the pendency of this matter, the plaintiff moved to Arizona where she is currently living with a relative with whom she has a romantic involvement.
The defendant is 40 years old and in good health. He has been a printer for the past 20 years. He presently earns approximately $37,856 per year. He has been awarded custody of the two minor children.
The parties own a mobile home in which the defendant and 2 minor children presently reside. The defendant has a 401(k) of approximately $41,000 and approximately 65 shares of Bell Atlantic stock. CT Page 255
The plaintiff has a personal injury lawsuit pending arising out of her motor vehicle accident which occurred in April 1995. The plaintiff alleged she was a battered spouse.
During the course of the marriage, the plaintiff took on the traditional role of homemaker caring for her children and home. The defendant admitted she was a good mother.
The court has carefully considered the criteria set forth in §§ 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decision reflected in the orders that follow. Said orders shall be incorporated by reference with the decree of dissolution of the parties' marriage dated June 12, 1997.
Custody Child Support
1. Custody of the minor children was previously awarded to the defendant, pursuant to the order dated June 12, 1997, subject to reasonable rights of visitation to the plaintiff in Connecticut and Arizona.
2. The plaintiff shall pay to the defendant child support in the amount that the plaintiff receives for the minor children through her social security disability claim. The defendant shall be the payee of said funds which are presently $280 per month for both children.
Real Estate
The plaintiff shall quit claim to the defendant all of her right, title and interest in the marital residence located at 36 Hemlock Drive, Shelton, Connecticut. The defendant shall indemnify and hold the plaintiff harmless from any liability on the mortgage thereon including the existing loan held by the defendant's father.
Alimony
The defendant shall pay to the plaintiff the sum of $1.00 per year as alimony until the death of either party or the plaintiff's subsequent remarriage.
Property Settlement
CT Page 256
1. The plaintiff is awarded one-half of the defendant's 401(k) Plan, which shall be transferred to the plaintiff by means of an IRA.
2. The defendant is awarded $10,000 from the net proceeds of the plaintiff's pending personal injury case, but not more than 50% of her net recovery whichever is the lesser amount. The personal injury case is pending in the Superior Court at Bridgeport, Mary Ellen DeLuise, et al v. Nicole Nappe,
CV96-0053897S. Net proceeds shall mean the amount remaining after payment of all court costs and fees, witness fees, medical bills and attorney's fees.
Personal Property
1. The defendant shall retain his Bell Atlantic shares of stock.
2. The defendant shall be entitled to the 1991 Volvo motor vehicle and the 1989 Chevrolet motor vehicle and shall be responsible for any loans thereon.
3. The plaintiff shall retain the custodial savings accounts which shall be held for the benefit of the minor children, presently in the amount of $7000.
4. The plaintiff shall be entitled to the return of her onyx ring and the antique gun, if available.
Debts and Liabilities
1. The defendant shall be solely responsible for the debts as listed on his Financial Affidavit.
2. The plaintiff shall be solely responsible for the debts as listed on her Financial Affidavit.
Medical Coverage
The defendant shall maintain health insurance as is available at his employment for the benefit of the minor children. The defendant shall be responsible for any unreimbursed medical, dental and orthodontic expenses for the minor children.
InsuranceAA CT Page 257
1. The defendant shall maintain and provide his existing Life Insurance in the amount of $40,000 with the minor children named as irrevocable beneficiaries thereon. This provision shall be modifiable.
2. The plaintiff shall maintain and provide her existing Life Insurance in the amount of $5000 with the minor children named as irrevocable beneficiaries thereon. This provision shall be modifiable.
Counsel Fees
Each party shall pay their respective counsel fees.
Coppeto, J.